# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NARCISO RAMIREZ,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>P. HORN, Warden, Kern Valley State Prison,<br><br>　　　　Respondent.[1] | No. CV 24-04529-WDK (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

## I.　INTRODUCTION

On May 29, 2024, Petitioner Narciso Ramirez, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his 2016 conviction for attempted voluntarily manslaughter, with firearm use and great bodily injury enhancements, entered in Los Angeles County Superior Court, Case No. B271540. See id. at 2.

For the reasons set forth below, the Petition is dismissed without prejudice as an unauthorized second or successive petition.

---

[1] The Petition named C. Pfeiffer as Respondent. The Court substitutes the proper respondent, the warden at the prison in which Petitioner is currently incarcerated. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

## II. PRIOR PROCEEDINGS

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action, Narciso Ramirez v. Warden, No. CV 18-08151-PSG (MAA) (C.D. Cal. filed Sept. 20, 2018). There, Petitioner raised three claims; however, Petitioner voluntarily dismissed two of the grounds, specifically, his ineffective assistance of counsel and Fifth Amendment claims, after the Court noted that they appeared to be unexhausted. See id., Dkts. 13, 15. The Court then considered the merits of Petitioner's remaining claim that the state appellate court violated his Fourteenth Amendment right to due process by declining to remand the case to the trial court to reconsider a firearm sentencing enhancement under California Senate Bill 620 and ultimately denied relief. See id., Dkt. 30 (Report & Recommendation); Dkt. 39 (Order Adopting Report & Recommendation). On December 19, 2019, judgment was entered dismissing the Petition with prejudice. See id., Dkt. 40.

In the instant action, Petitioner challenges the same 2016 conviction and sentence once again. See Petition at 2. Petitioner's claims appear to be as follows: (1) ineffective assistance of counsel due to defense counsel's alleged conflict of interest; (2) racial discrimination by defense counsel; (3) judicial and prosecutorial bias and misconduct; (4) falsification and concealment of evidence; and (5) violation of due process. See id. at 5-7.

## III. DISCUSSION

The Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an

order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant Petition. AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus petitions." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEPDA requires that "before filing [a second or successive habeas corpus] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)). A district court does not have jurisdiction to consider a second or successive petition absent authorization from the court of appeals. See id. at 152. The court of appeals may authorize the filing of a second or successive petition only if it determines that at least one of the petitioner's claims satisfies the requirements of 28 U.S.C. § 2244(b). See Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

Here, the Petition is a second or successive petition challenging the same conviction at issue in Petitioner's prior habeas action. The Petition presents an ineffective assistance of counsel claim, which was also raised in the 2018 petition where it was found to be unexhausted and was voluntarily dismissed by Petitioner. See Fleming v. Sandor, No. 11-0024, 2011 U.S. Dist. LEXIS 24165, at *6 (C.D. Cal. Jan. 7, 2011), report and recommendation adopted by 2011 U.S. Dist. LEXIS 24109 (C.D. Cal. Mar. 7, 2011) (dismissing petition as second or successive where it raised "the same undue delay/speedy trial claim raised in the 2008 petition, found to be unexhausted, and then voluntarily

dismissed by Petitioner").² Moreover, while Petitioner offers some new theories for habeas relief, this does not excuse him from the requirements of 28 U.S.C. § 2244(b)(3). Regardless of whether Petitioner can satisfy the requirements of 28 U.S.C. § 2244(b)(2), he must request and obtain authorization from the Ninth Circuit Court of Appeals before filing a second or successive petition. There is no indication in the record that Petitioner has obtained the requisite authorization from the Ninth Circuit. The Court, therefore, lacks jurisdiction over the Petition. See 28 U.S.C. § 2244(b)(3); Burton, 549 U.S. at 152.³

## IV. CONCLUSION

The Petition is dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to make a second or successive application in this Court, he must first file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

---

² The Court notes that it appears that Petitioner's ineffective assistance of counsel claim, as well as all other claims presented in the Petition, are still unexhausted. See Petition at 7 (stating that "none" of the claims raised in the Petition were presented to the California Supreme Court); see also Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (concluding that under California appellate review procedure, petitioner was required to exhaust his habeas claims in petition for review with the California Supreme Court).

³ Because the Court lacks jurisdiction over the Petition, the Court does not reach the issue of whether the Petition satisfies the exceptions set forth in 28 U.S.C. § 2244(b)(2).

the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Date: June 30, 2025

_____
WILLIAM D. KELLER
United States District Judge

Presented by:

_____
DOUGLAS F. MCCORMICK
United States Magistrate Judge